IN THE MATTER OF THE ACQUISITION BY THE RHINEBECK AND CONNECTICUT RAILROAD COMPANY OF THE TITLE TO CERTAIN LANDS OWNED, ETC., APPELLANT, BY ALIDA G. RADCLIFF AND OTHERS, RESPONDENTS.

*Railroad — acquisition of lands by — Chapter 140, Laws of 1850 — Chapter 282, Laws of 1854 — Entry of order — when defeated party entitled to enter.*

A railroad company presented its petition to the Supreme Court to acquire title to certain lands. The owners opposed the application, but the court appointed commissioners of appraisal. The commissioners made their report to the court, and on motion of the company an order was made confirming it and directing the amount of the award to be paid to the owners or deposited to the credit of their attorney. The company refused or neglected to file the papers or pay the award. An order was therefore obtained by the owners for the company to show cause why the petition, order thereon, report, and order confirming it should not be filed, and on the return day an order was made directing the filing of the same, the payment of the award in ten days, or that a precept issue to collect the award; from which order the company appealed.

*Held,* that the recording of the order of confirmation and payment of the sum awarded would vest the title to the land in the company. That the recording of the order was the duty of the clerk, and the payment of the award the duty of the company. That the right of the owner to have both performed had been

adjudged by the court, and the rights and obligations of both parties had thereby become fixed, subject only to the right of appeal given by the statute, and neither party could recede or abandon the proceeding without the consent of the other.

H.R. R. Co. v. Outwater (3 Sandf. S. C., 689) distinguished.

By section 5, chapter 282, Laws of 1854, the court is vested with power to make all necessary orders and give the necessary directions to carry into effect the object and intent of the statute (chap. 140, Laws of 1850), and the order appealed from came within this power.

If a party who is entitled to enter an order fails to do so within twenty-four hours after the decision has been made, any party interested may have it drawn up and entered.

APPEAL from an order made at a Special Term, directing the petition in the above entitled matter, the notice of presentation thereof to the court, the order appointing commissioners, the report of said commissioners and the order of confirmation of said report (if not already filed), to be filed forthwith with the clerk of Dutchess county, and that the said company forthwith pay the amount awarded by said commissioners to the owners or deposit it to the credit of their attorney. That in case of their omission to pay or deposit said amount for ten days after service of the order on their attorney a precept issue for the collection of said amount.

*A. Wager,* for the appellant.

*Frank Loomis,* for the respondents.

GILBERT, J. :

The general rule is that, if a party who is entitled to enter an order fails to do so within twenty-four hours after the decision has been made, any party interested may have it drawn up and entered. (4 Wait's Pr., 606.) And it is the duty of the clerk to enter orders without any special directions from the court. The duty is merely clerical, and in no case will the omission of it be allowed to prejudice the substantial rights of parties. Upon the confirmation of the report of the commissioners of appraisment in a proceeding under the general railroad act, the rights of parties become fixed, and thereafter neither party can recede or abandon the proceeding without the consent of the other. (Laws 1850, chap. 140, § 18;

*In re Sy., Bing. and N. Y. R. R. Co.*, 4 Hun, 311 and cases cited.) The case of *Hudson R. R. Co. v. Outwater* (3 Sandf. S. C., 689) is not in conflict with this rule. The charter of that company required that payment of the award should precede the action of the court upon the report of the commissioners, and in that case the company, before any action on their award to the owner, took proceedings under another provision of their charter to change the line of their road. The court merely held that the rights of the owner had not become fixed by the award alone, but that in order to accomplish that result, the commissioners' report must be filed and confirmed, and an order made for the payment of the sum awarded. In this case, however, the recording of the order of confirmation and payment of the sum awarded will vest the title to the land in the company. The recording of the order is the duty of the clerk, and the payment of the money is the duty of the company. The right of the owner to have both performed has been adjudged by the court, and the rights and obligations of both parties have thereby become fixed, subject only to the right of appeal from the report, given by the statute.

If the general railroad act admitted of any other construction we should be reluctant to adopt the one contended for by the appellant, for that would put it in the power of the company, by withholding the entry of the order of confirmation, to retain their right to appropriate the lands of the respondent, and to postpone payment therefor indefinitely. The legislature, we think, did not intend to clothe the company with the power of perpetrating such injustice. By section 5 of an act amending the general railroad act (chap. 282, Laws of 1854), the court is vested with power to make all necessary orders, and to give the necessary directions to carry into effect the object and intent of the statute in respect to the acquisition of lands by railroad companies.

We think the order appealed from is within this power, and that it should be affirmed with ten dollars costs, and disbursements.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.